UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONNECTICUT STUDENT LOAN<br>FOUNDATION,<br>　　　　Plaintiff, | :<br>:<br>:<br>: | |
| v. | : | 3:04-cv-713 (WWE) |
| COLLECTION TECHNOLOGY, INC.,<br>　　　　Defendant. | :<br>:<br>: | |

## MEMORANDUM OF DECISION ON
## DEFENDANT'S MOTION TO DISMISS FOR LACK OF
## SUBJECT MATTER JURISDICTION AND FOR SANCTIONS

This action arises from a contract between plaintiff Connecticut Student Loan Foundation and defendant Collection Technology, Inc. Plaintiff seeks damages on defendant's breach of an agreement between the parties. Now pending before the Court is defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Sanctions (Docs. #84, 87). For the following reasons, the Court will deny the motion as to dismissal and for sanctions.

Plaintiff asserts that the Court has jurisdiction over its claim pursuant to 28 U.S.C. § 1332.

### BACKGROUND

For purposes of ruling on this motion to dismiss, the Court accepts all allegations of the complaint as true.

Plaintiff Connecticut Student Loan Foundation ("CSLF") is a Connecticut corporation with a principal place of business in Connecticut. It acts as a lender and guarantor, among other roles, in the Federal Family Education Loan Program. Plaintiff

1

acts as a loan servicer through its Connecticut Assistance for Loan Servicing division ("CSLF/CALS").  Defendant Collection Technology, Inc. ("CTI") is a corporation organized under California law with a principal place of business in California.  It collects student loans.

In its capacity as a guarantor, CSLF insures private lenders that make student loans against loss.  For this, CSLF is reinsured by the United States Secretary of Education.  In order to receive reimbursement from a guarantor such as CSLF, private lenders are required to undertake certain actions, including those described in 34 C.F.R. § 682.411.  Many private lenders engage loan servicers such as CSLF/CALS to perform these actions on their behalf, including collection and default aversion activities.  Loan servicers, including CSLF/CALS, may, under the law, and, indeed do, engage third parties such as defendant to perform these collection and default aversion activities on their behalf.

On November 15, 1999, CSLF and CTI entered into an agreement for CTI to perform these collection and default aversion activities, as set forth in 34 C.F.R. § 682.411, on behalf of CSLF/CALS.  Appendix A to the Agreement also included a list of other actions that CTI was to perform.

CSLF alleges that CTI failed to perform its contractual obligations under the Agreement.  As a result of the breach of the contract, CSLF was unable to properly service loans for various lenders, who were then able to receive reimbursement from the respective guarantor on the relevant student loans.  Plaintiff alleges in its complaint that it "has been obligated, and will continue in the future to be obligated, to reimburse lenders for whom it serviced loans for loans and/or portions thereof which were

ineligible for claim payment by the guarantor(s)." Plaintiff's complaint is based on plaintiff's role as a loan servicer, not as a lender or guarantor. Plaintiff claims damages:

> A. For loans which have had the guarantee reinstated pursuant to 34 C.F.R. § 682, Appendix D, interest which cannot be paid as part of any default claim by the guaranty agency for the period the loan was "out of guarantee;"
>
> B. For loans permanently ineligible for claim payment by a guarantor, principal and interest;
>
> C. For loans which CSLF/CALS contracted to have others perform the work of the Defendant.

In its motion for summary judgment (Doc. #33), plaintiff claimed that it suffered and continues to suffer damages in the amount of $335,586.08. On September 30, 2008, CSLF produced three checks which purport to show payment by CSLF to its lenders as a result of CTI's alleged failure to perform its contractual obligations. These checks total $45,949.13. CSLF has confirmed in response to supplemental interrogatories that this amount reflects its total payment to lenders because of CTI's alleged breach of the Agreement.

## DISCUSSION

### I. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. "The plaintiff bears the burden of proving subject

matter jurisdiction by a preponderance of the evidence. After construing all ambiguities and drawing all inferences in a plaintiff's favor, a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1)." Aurecchione v. Schoolman Transp. Sys., 426 F.3d 635, 638 (2d Cir. 2005).

Diversity jurisdiction only exists where there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In order to determine whether the amount in controversy requirement has been met, courts apply the legal "certainty test." Hough v. Merrill Lynch, Pierce, Fenner & Smith, 757 F. Supp. 283, 285 (S.D.N.Y.), aff'd, 946 F. 2d 883 (2d Cir. 1991). The test provides that if it appears to a "legal certainty" that the amount at issue is really less than the jurisdictional minimum, the Court must dismiss the case. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

When making such a jurisdictional determination, the Court defers to the claim set forth in the pleadings. "In determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not on the validity of any asserted defenses." Ochoa v. Interbrew America, Inc., 999 F.2d 626, 629 (2d Cir. 1993). In keeping with the standard for a motion to dismiss, "the jurisdictional determination is to be made on the basis of the plaintiff's allegations, not on a decision on the merits." Zacharia v. Harbor Island Spa, 684 F.2d 199, 202 (2d Cir. 1982). When there is uncertainty regarding the amount of damages able to be recovered, "the doubt should be resolved in favor of the plaintiff's pleadings. The legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim. If the right of recovery is uncertain, the doubt should be

4

resolved in favor of the subjective good faith of the plaintiff." Tongkook Am. v. Shipton Sportswear Co., 14 F.3d 781, 785-86 (2d Cir. 1994).  The Court may look outside the pleadings "[w]here the pleadings themselves are inconclusive as to the amount in controversy." United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square, 30 F.3d 298, 305 (2d Cir. 1994).

Defendant argues that the Court does not possess jurisdiction over this action because the matter in controversy does not exceed $75,000.00 as required by 28 U.S.C. § 1332.  In support of this argument, defendant points to the three checks disclosed in discovery that evidence plaintiff's payments to lenders for losses incurred in loans upon which the borrower defaulted.  Plaintiff, in response, argues that in its complaint, it alleged future losses that, combined with the current losses, will reach the amount in controversy threshold.  Plaintiff asserts that its lending division, Susie Mae, had contracted with its servicing division, CSLF, to service loans.  CSLF in turn included these loans in the Agreement with CTI.  CTI's breach of contract obligates CSLF to pay money into a trust estate that secured student loan revenue bonds.  These losses, plaintiff alleges, total $382,177.13.

Defendant reads this response as asserting a claim on behalf of plaintiff's lending division, which is not to be found in the complaint.  The complaint asserts a claim only for CSLF's losses that it incurred as a loan servicer.  However, the Court reads plaintiff's response as explaining an aspect of its claim, arising from its role as loan servicer. See United Food Local 919, 30 F.3d at 305 (where pleadings are inconclusive, court can look beyond it to determine amount in controversy); see also Tongkook, 14 F.3d at 785-86 (observing that court should defer to plaintiff's pleading

where amount of recovery is in doubt).  Therefore, the Court does not see plaintiff as impermissibly amending its complaint, which frames plaintiff's role solely as a loan servicer, through its response to the motion to dismiss.  See Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998) (observing that a party may not amend its pleadings through a response to a motion to dismiss).

Because the Court finds that plaintiff meets its burden in establishing that its claim exceeds $75,000, it need not address the effects of plaintiff's limited showing of damages of $45,949.13 at this juncture.  Defendant's motion to dismiss will be denied.

## II.     Motion for Sanctions

Defendant moves for sanctions, arguing that plaintiff failed to timely comply with its discovery requests.  Specifically, defendant requested "all documents relating to the calculation of damages" on March 5, 2005.  On May 31, 2005, CSLF produced documents showing allegedly incurable accounts, but did not produce any checks or documents evidencing payment to those lenders.  CSLF did not produce those checks, the first of which was dated October 18, 2005, until September 30, 2008.

The Second Circuit has held that a court has wide discretion to impose sanctions.  Design Strategy, Inc. v. Davis, 469 F.3d 284, 294 (2d Cir. 2006).  In exercising its discretion whether to impose sanctions, a court should consider: (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the evidence to be precluded; (3) the prejudice suffered by the opposing party as a result of the nondisclosure; and (4) the possibility of a continuance. Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006).

The Court accepts plaintiff's explanation for its failure to produce the documents.

6

Therefore, it will decline to issue sanctions against CSLF.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss (Doc. #84) and for sanctions (Doc. #87).

Dated at Bridgeport, Connecticut, this 31st day of March, 2009.

                                               /s/  
                                      Warren W. Eginton  
                                      Senior United States District Judge